UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x                  Index No.:

ANSELM UDECHUKWU

           Plaintiff

                                            **COMPLAINT**

        v.

                                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, GAME STOP CORP.,
BRITTANY LONG, POLICE OFFICER
P.O. DELSANO, and POLICE OFFICER
CHRISTOPHER DOLL.

           Defendants.
-------------------------------------------------------x

      Plaintiff Anselem Udechukwu through his attorneys, Ofodile & Associates, P.C.,

complaining of the Defendants, THE CITY OF NEW YORK (hereinafter referred as "the City"),

GAME STOP CORP., BRITTANY LONG and Police officers P.O. DELSANO and

CHRISTOPHER DOLL allege as follows:

## NATURE OF ACTION

1.    This is an action for  false arrest, false imprisonment, malicious prosecution, and failure

      to intervene against the City, its agent Police Officers P.O. DELSANO and

      CHRISTOPHER DOLL; GAMESTOP CORP., and BRITANNY LONG, (store manager)

      in violation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to

      the U.S. Constitution, 42 U.S.C. § 1983, and common law rights to be free from

      malicious prosecution causing Plaintiff loss of freedom, humiliation, economic loss,

      emotional suffering and mental distress.

1

2.     This is also an action for defamation against Gamestop Corp., and manager Tiffany Long

for injury to Plaintiff's reputation, as well as an action to redress the pain, suffering and

psychological injuries sustained by Plaintiff as a result of the intentional, malicious,

careless and negligent acts of the above-named Defendants.

## JURISDICTION AND VENUE

3.     Jurisdiction is conferred on this court by Title 28 U.S.C. Section 1331, being an action

arising under the Constitution and the Federal law, and by 28 U.S.C. § 1343 (a)(3), this

being an action authorized by law to redress the deprivation,, under the color of statute,

ordinance, regulation, custom or usage, or rights, privileges, and immunities secured to

Plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution, and by 42

U.S.C. § 1983.

4.     Supplemental jurisdiction is also conferred on the United States District Court by Title 28

U.S.C. section 1367 over those claims not arising under the Constitution and Federal

Laws but which are so closely related to the claims arising under the Constitution and

Federal Laws that they form part of the same case and controversy.

5.     Venue is proper in the Eastern District of New York because the events complained of

occurred in Kings County, which is within the Eastern District of New York.

## PARTIES

6.     At all times relevant and material to this action, Plaintiff Anselem Udechukwu resided in

Kings County New York, within the jurisdiction of this Court.

7.     At all times relevant and material to this action, Defendant City of New York was a

municipal corporation incorporated under the laws of the State of New York.

8. During all times relevant and material to this action, upon information and belief, Defendant Gamestop Corp., was and is still a corporation with a place of business at 1459 Rockaway Parkway Brooklyn, New York 11236.

9. During all times relevant and material to this action, Defendant Brittany Long was the store manager of the branch of Gamestop Corp. where the incident occurred, acting within the scope of her employment and was the individual that called the police on the plaintiff when there were no reasons and/or probable cause to do so. Defendant Brittany Long was acting within the scope of her employment making Gamestop Corp. liable to the plaintiff for her actions under the principal-agent/ respondeat superior theories.

10. During all times relevant and material to this action, Defendant police officers P.O. Delasano, and Christopher Doll were employed by Defendant City of New York through its Police Department.

11. During all times relevant and relevant to this action, Defendant Police officers, within the scope of their employment were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of Defendant Police officers under the principal-agent, *repondeat superior* theories.

## FACTS

12. On April 15, 2016, Plaintiff Anselem Udechukwu went to Gamestop, Corp, located at 1459 Rockaway Parkway Brooklyn, New York 11236 to purchase a game card.

13. Plaintiff purchased a twenty-five dollar worth of game card. When he got home the same

day that he purchased the game card, his son told him that he got the wrong card, that he should have gotten a Sixty dollar card because that was the one he needed.

14. The following day, April 16th 2017, Plaintiff returned to the same store to upgrade the card from twenty-five dollars to sixty dollars. When Plaintiff tried to upgrade the card, Defendant Brittany Long told him that he would neither return the card nor exchange it, even though the company has a policy that allows customers to return their merchandise within 30 days of purchase.

15. When Defendant Brittany Long refused to let Plaintiff either exchange or return the game card, Plaintiff demanded to speak to the store manager. Defendant Brittany Long told him that she was the store manager.

16. Plaintiff demanded to speak to her supervisor, Defendant responded saying that she was the supervisor.

17. Plaintiff demanded to speak to the owner of the store, Defendant Long once again responded that she was the store owner, all in a bid to frustrate Plaintiff's effort to return and/or exchange the twenty-five dollar gamecard for a sixty dollar one.

18. Plaintiff not being sure of what to do next, called his girlfriend to ask her what he should do. Defendant Brittany Long, who was following the Plaintiff around the store and was eaves dropping on his conversation with his girlfriend heard when his girlfriend advised him to call the police.

19. Defendant having heard when Plaintiff's girlfriend told him to call the police quickly did so before Plaintiff could.

20. When the police arrived at the scene, the police officers asked the plaintiff to leave the store, and he complied immediately.

21. On his way out of the store, Plaintiff told both police officers and Defendant Brittany Long that it was fraud to take a customer's money without refund or exchange of the item.

22. Plaintiff told the police officers, "Mark my face, I will call the FBI on this store."

23. After Plaintiff made this statement, Police Officer Christopher Doll restrained Plaintiff's movement by putting his hands behind his back, and stated to Ms. Long, "Is your life threatened?" she said "Yes".

24. Police officer Doll, while still holding Plaintiff's hands behind his back whispered to Defendant Long, "You are going to press charges right?" She said Yes, Officer Doll at this time placed handcuffs on Plaintiff while officer Delsano looked on and failed to intervene.

25. Defendant Brittany Long falsely publicized to the hearing of the police officers and general public that plaintiff threatened to kill her. Defendant defamed and caused damage to Plaintiff's reputation by falsely accusing him of threatening to kill her.

26. As Plaintiff in compliance with the police officers' order to leave the store was on his way out, police officer Christopher Doll called him back, and with no reason or probable cause, placed him under arrest while police officer P.O. Delsano looked on, and failed to intervene. The police officer told him to put his hands behind his back, he complied, and he (the police officer Christopher Doll) placed him under arrest.

27. Plaintiff was charged with menacing in the third degree, trespass and harassment in the second degree, even though they had no reason nor probable cause to do so.

28. Defendants' maliciously prosecuted the plaintiff as they had no reasonable reason nor probable cause for his arrest. Defendants' baseless charges against the plaintiff were dismissed on July 27, 2016.

29. Defendants falsely arrested the plaintiff with no probable cause and maliciously prosecuted him in violation of his rights guaranteed under the Fourth, and Fourteenth Amendments to the Constitution as well as the common law causing him loss of freedom, loss of reputation, economic loss, mental, emotional, and psychological injuries.

30. As a direct result and consequence of Defendants' malicious, callous and intentional actions, Plaintiff suffered emotional, economic, and psychological injuries.

## AS FOR THE FIRST CAUSE OF ACTION

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 of the complaint as if each paragraph is repeated verbatim herein.

32. Police officer Christopher Doll while acting under the color of law, used his authority as a police officer to take adverse actions against the plaintiff -while Police Officer P.O. Delsano looked on and failed to intervene- for exercising his First Amendment Right of freedom of speech when he (Officer Doll) arrested him for saying that he will call the FBI on the store in violation of his First Amendment Rights guaranteed under the constitution.

33. As a direct result and consequence of Defendants' actions, Plaintiff suffered emotional,

economic and psychological injures. Defendants are therefore liable to the plaintiff for injuries sustained as a result of their malicious, callous, and intentional actions.

## AS TO THE SECOND CAUSE OF ACTION

34.  Plaintiff repeats and re-alleges paragraphs 1 through 33 of the complaint as if each paragraph is repeated verbatim herein

35.  Defendant Police Officer Christopher Doll, falsely arrested the plaintiff, while Police officer P.O. Delsano looked on and failed to intervene when they handcuffed him, restrained him against his will with no probable cause or reasonable grounds for the arrest in violation of his rights guaranteed under the Fourth, and Fourteenth Amendments to the United States Constitution not to be arrested without probable cause. Defendants are therefore jointly and severally liable to the plaintiff for all economic, mental and psychological injuries sustained as a direct result and consequence of their callous, intentional and malicious actions.

## AS TO THE THIRD CAUSE OF ACTION

36.  Plaintiff repeats and re-alleges paragraphs 1 through 35 of the complaint as if each paragraph is repeated verbatim herein.

37.  Plaintiff was charged with menacing in the third degree, trespass and harassment in the second degree even though Defendants had no reason nor probable cause to do so.

38.  Defendants' maliciously prosecuted the plaintiff in violation of his rights guaranteed under the common law to be free from malicious prosecution. Defendants' baseless charges against the plaintiff were dismissed on July 27, 2016, therefore, the individual

Defendants are therefore jointly and severally liable to the plaintiff for all injuries sustained as a direct result and consequence of their malicious prosecution in violation of his rights under the common law not to be maliciously prosecuted.

## AS TO THE FOURTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges paragraphs 1 through 38 of the complaint as if each paragraph is repeated verbatim herein.

40. Plaintiff was arrested by the individual Defendants without probable cause to believe that he had committed any crime in violation of Plaintiff's common law rights, 4th and 14th Amendments to the constitution to be free from false arrest.

41. Defendant police officers without probable cause or reasonable grounds to believe that plaintiff committed any crime encouraged Defendant Brittany Long to press charges against the Plaintiff. Defendants knowing that there were no reasonable grounds for arrest, nor probable cause for arrest suggested to Defendant Brittany Long that she was threatened, and encouraged her to press charges. Defendants violated Plaintiff's rights guaranteed to him under the common law, 4th and 14th Amendments to the U.S. Constitution, and are therefore jointly and severally liable to the plaintiff for all emotional, mental, economic and psychological injuries that he sustained.

## AS TO THE FIFTH CAUSE OF ACTION

42. Plaintiff repeats and re-alleges paragraphs 1 through 41 of the complaint as if each paragraph is repeated verbatim herein.

43. Plaintiff was falsely imprisoned by the defendant without a probable cause or reason to

do so in violation of his rights not to be falsely imprisoned guaranteed to him under the common law, 4th and 5th Amendments to the U.S. Constitution. Defendants are therefore jointly and severally liable to the plaintiff for all emotional, mental, economic and psychological injuries that he sustained as a result of their callous, malicious and intentional actions.

## AS TO THE SIXTH CAUSE OF ACTION

44. Plaintiff repeats and re-alleges paragraphs 1 through 44 of the complaint as if each paragraph is repeated verbatim herein.

45. Defendant Britanny Long called the police on the plaintiff and fabricated evidence that the plaintiff was trespassing, menacing, and threatened to kill her knowing these allegations to be totally false and importuned the police to arrest plaintiff by pressing charges with the collusion of and in conspiracy with the police officer Defendants. Defendants caused Plaintiff to be arrested without probable cause, falsely imprisoned, and maliciously prosecuted in violation of his rights guaranteed under the common law, 4th, and 5th Amendments to the Constitution to be free from false arrest, false imprisonment and malicious prosecutions. Defendants are therefore jointly and severally liable to the plaintiff for all emotional, mental, economic and psychological injuries that he sustained as a result of their callous, malicious and intentional actions.

## AS TO THE SEVENTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 of the complaint as if each paragraph is repeated verbatim herein.

47.     Defendant Brittany Long falsely publicized to the hearing of the police officers and general public that plaintiff threatened to kill. Defendant Long's defamatory language concerning the plaintiff adversely affected plaintiff's reputation, caused him emotional, mental and psychological damages. Defendant Gamestop Corp., and its agent Brittany Long are therefore jointly and severally liable to the plaintiff for all injuries sustained as a direct result and consequence of her actions.

### AS TO THE EIGHT CAUSE OF ACTION

48.     Plaintiff repeats and re-alleges paragraphs 1 through 47 of the complaint as if each paragraph is repeated verbatim herein

49.     The store manager, Britanny Long, an agent of Gamestop Corp., police officers Doll and Delsano, agents of the Police Department of the City of New York, each acting within the scope of their respective employments, conspired and concerted to bring bogus charges against the plaintiff, causing him to be falsely arrested, falsely imprisoned, maliciously prosecuted and defamed. Defendant corporations, Gamestop Corp., employer of Britanny Long and the City of New York, employer of the police officers are responsible for the actions of their respective employees by virtue of the principal-agent relationship theory, as well as the *respondeat superior* theory making the said corporations liable to the plaintiff for all injures sustained as a result of the careless, malicious, callous and wanton actions of their respective employees.

### AS TO THE NINTH CAUSE OF ACTION

50.     Plaintiff repeats and re-alleges paragraphs 1 through 49 of the complaint as if each

paragraph is repeated verbatim herein.

51.     Defendant Police officers Christopher Doll, and P.O. Delsano while acting under the color of law, caused plaintiff to be deprived of his rights, privileges, and/or immunities secured by the Constitution and Federal Laws of the United States when they falsely arrested, falsely imprisoned, and maliciously prosecuted him in violation 42 U.S.C. section 1983.

52.     As a direct result and consequence of Defendants' actions, Plaintiff sustained emotional, mental and psychological injuries. Defendants City of New York, Police officers Christopher Doll and P.O. Delsano are therefore jointly and severally liable to the plaintiff for all injuries sustained as a result of their malicious, callous and intentional actions against  him.

**WHEREFORE,** Plaintiff prays for judgement awarding him:

1.     As against all Defendants for violation of his federal constitutional rights, jointly and severally:

    i   general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental. Physical distress, against all Defendants jointly and severally;

    ii   loss of reputation, humiliation, and mental suffering;

    iii   punitive damages to deter Defendants and others like them from repeating such unlawful acts against the individual  Defendants jointly and severally;

    iv   attorney's fees and the costs and disbursements of this action- against all Defendants,

jointly and severally; and

    v   such other relief as the Court deems fit and proper.

2.   As against all Defendants for violation of his common law rights, jointly and severally,

    i   general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental and physical distress, against all Defendants jointly and severally;

    ii  loss of reputation, humiliation, and mental suffering;

    iii punitive damages to deter Defendants and others like them from repeating such unlawful acts against the individual Defendants jointly and severally;

    iv attorney's fees and the costs and disbursements of this action- against all Defendants, jointly and severally; and

    v   such other relief as the Court deems fit and proper.

3.   As against Defendants GamesStop Corp., and Brittany Long, jointly and severally:

    i   general and compensatory damages in the amount that will adequately compensate him for the defamation, injury to reputation, emotional distress, mental distress, and humiliation;

    ii  punitive damages to deter Defendants and others like them from repeating such unlawful acts;

    iii attorney's fees and all cost of the disbursement of this action;

    iv and such other relief as the court may deem fir and proper.

Dated: Brooklyn, New York
      April 13, 2017

OFODILE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By _____

    Anthony C. Ofodile, Esq
    498 Atlantic Avenue
    Brooklyn, New York 11217
    Tel.: 718-852-8300
    Fax: 718-852-7361

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x          Index No.:

ANSELM UDECHUKWU

        Plaintiff

                                                      **COMPLAINT**

      v.

                                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, GAME STOP CORP.,
BRITTANY LONG, POLICE OFFICER
P.O. DELSANO, and POLICE OFFICER
CHRISTOPHER DOLL.

        Defendants.

------------------------------------------------------x

------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------

**COMPLAINT**

------------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------------

Signature ( Rule 130-1.1-a)

------------------------------------------------------------------------------------------------------------

Dated: Brooklyn, New York
      April 13, 2017

                            OFODILE & ASSOCIATES, P.C.
                            Attorneys for Plaintiff
                            498 Atlantic Avenue
                            Brooklyn, New York 11217
                            Tel.: (718) 852-8300
                            Fax: (718) 852-7361